IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CRIMINAL NO. JKB-18-0313** |
| **JAWANZA KEVIN CARTER** | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER ADDRESSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255

Now pending before the Court is the Defendant's §2255 motion to vacate, set aside, or correct his sentence (ECF No. 182). The Government has responded (ECF No. 187). The motion will be DENIED.

The Defendant contends that he received ineffective assistance of counsel from attorneys Deborah Boardman and Gerald Ruter as his plea bargain was negotiated, his guilty was entered, he was sentenced, and his appeal was taken up. But the record, mostly in the form of the transcript of the Rule 11 proceeding as highlighted in the Government brief (*see* ECF No. 187), reveals that at the time of the guilty plea the Court fully explored with the Defendant all of the topics raised in his complaint about Ms. Boardman, and that the Court did not improperly intervene in the plea negotiation process such that Mr. Ruter was obligated to raise an objection later. The Defendant offers no proof of his allegations beyond his self-serving declarations, and the record indicates that the Court clearly and carefully reviewed all relevant issues with him. He affirmed his faith in Ms. Boardman and her advice, and he acknowledged that he understood that he could receive a

sentence that was different and more severe than any that had been the subject of discussion with his lawyer. The Defendant has not satisfied either prong of *Strickland v. Washington*.

Having carefully reviewed the papers filed in relation to the instant motion, and the entire record, the Court adopts the reasoning set out in the Government's brief (ECF No. 187).

The record is sufficiently clear that the Court would not be aided in its resolution of the issues herein by conducting a hearing. Accordingly, to the extent that the Defendant has requested a hearing on his motion, that request is denied.

The Court determines that a certificate of appealability is not appropriate here. The Defendant has not demonstrated that reasonable jurists might or would find that this Court's assessment of the constitutional claims is debatable or wrong. There is no substantial showing of the denial of a constitutional right.

For all the reasons stated above, the Defendant's motion (ECF No. 182) is DENIED.

DATED this __10__ day of August, 2023.

BY THE COURT:

James K. Bredar
Chief Judge